UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAJOR P. DAVIS, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00090-TWP-MJD |
| ) | |
| JOSEPH HOGSETT Mayor, INDIANAPOLIS ) | |
| METROPOLITAN POLICE DEPARTMENT, ) | |
| RICHARD HITE Chief of Police, official ) | |
| capacity, NICHOLAS GALICO Officer, ) | |
| PERRY RENN Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Pending Motions and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 4] is **granted.** The plaintiff is assessed an initial partial filing fee of Twenty Six Dollars and Sixty Cents ($26.60). He shall have **through February 3, 2016,** in which to pay this sum to the clerk of the district court.

**II.**

The motion for production of documents [dkt. 6] and motion to appoint counsel [dkt. 7] are **denied as premature.** The plaintiff may utilize the discovery process only after the defendants have appeared in this action.

In addition, "[w]hen confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing

of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff's motion does not provide any basis on which this Court could conclude that the plaintiff made a reasonable effort to retain counsel. Accordingly, the plaintiff should continue his own efforts to secure representation. The plaintiff may renew his request for counsel after he can demonstrate that he has made a reasonable effort to obtain counsel and after the defendants have responded to the complaint. *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").

### III.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The court will direct the further development of any claim which is not dismissed on this basis. The parties will be notified when this determination has been made.

**IT IS SO ORDERED.**

Date: 1/15/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

MAJOR P. DAVIS, II
249215
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360