**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MAJOR P. DAVIS, II,                              ) | |
|                                                 ) | |
|                    Plaintiff,                   ) | |
|                                                 ) | |
|          vs.                                    ) | Case No. 1:16-cv-00090-TWP-MJD |
|                                                 ) | |
| JOSEPH  HOGSETT Mayor, INDIANAPOLIS             ) | |
| METROPOLITAN POLICE DEPARTMENT,                 ) | |
| RICHARD  HITE Chief of Police, official         ) | |
| capacity, NICHOLAS  GALICO Officer,             ) | |
| PERRY RENN Officer,                             ) | |
|                                                 ) | |
|                    Defendants.                  ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

The *pro se* Plaintiff, Major P. Davis, II, ("Davis") is an inmate currently confined in an Indiana state prison.  On January 11, 2016, Davis filed a complaint alleging excessive police force. Because Davis is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b).  Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).  *Pro se* complaints such as that filed by Davis, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Davis alleges that on July 5, 2014, he was unarmed and shot in the head, abdomen and back by Officer Renn and the Indianapolis Metropolitan Police Department ("IMPD") in violation of his Fourth Amendment rights. He brings his claims pursuant to 42 U.S.C. § 1983.

A cause of action is provided by Section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *See also West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

For the reasons explained below, the complaint must be dismissed because Davis has failed to identify any viable defendant. Davis has sued Mayor Joseph Hogsett, the mayor of Indianapolis; Chief Richard Hite; Officer Perry Renn and Officer Nicholas Galico. His Complaint states that "each defendant is "sued" in his official capacity." (Dkt. 1 at p.2). An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), *cert. denied*, 508 U.S. 942 (1993). In this case, the real party in

2

interest is the City of Indianapolis and/or IMPD. These municipal entities may be held liable under § 1983 only if they adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

Davis's § 1983 claims for damages against the defendants in their official capacity are dismissed as legally insufficient, because there is no allegation to suggest that there is a municipal custom or policy for officers to shoot unarmed individuals.

Davis shall have **through February 29, 2016,** in which to either file an amended complaint correcting the deficiencies noted above or to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If an amended complaint is filed, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: _____
      1/28/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

MAJOR P. DAVIS, II
249215
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360