**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MAJOR P. DAVIS, II,

Plaintiff,

v.

CITY OF INDIANAPOLIS, CHIEF OF POLICE TROY RIGGS, OFFICER NICHOLAS GALLICO, and the ESTATE OF PERRY RENN,

Defendants.

Case No. 1:16-cv-00090-TWP-MPB

**ENTRY SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

The Amended Complaint (Filing No. 25), filed by Plaintiff Major P. Davis II ("Mr. Davis") is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S.Ct. 910, 921 (2007).

To survive dismissal for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). In making this determination, the court views the complaint in the light most favorable to the plaintiffs, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiffs. *Lee v. City of Chi.*, 330 F.3d 456, 459 (7th Cir. 2003). The plaintiff "receives the benefit of imagination" at this stage "[as] long as the hypotheses are consistent with the complaint."

*Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Additionally, *pro se* complaints such as that filed by Mr. Davis, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## I. AMENDED COMPLAINT

Mr. Davis is a pretrial detainee housed at the Indiana State Prison. The Defendants named in the Amended Complaint are the City of Indianapolis, I.M.P.D. Officer Nicholas Gallico, the Estate of Perry Renn, and current Chief of Police Troy Riggs, all in their individual and official capacities[1]. In his Amended Complaint, Mr. Davis alleges the following: On July 5, 2014, at 9:23 p.m., Officers Renn and Gallico were dispatched to investigate a shot fired near 34th and Forest Manor Avenue in Indianapolis, Indiana. When the officers arrived, Mr. Davis was with two women who were his acquaintances. The women told Officer Gallico that everything was okay and they could leave. Officer Gallico allowed Mr. Davis and the two females to proceed in walking to his vehicle. While walking, the sounds of popping fireworks were present at a nearby party. As Mr. Davis proceeded to his vehicle he was shot in the back, torso, and head by Officer Renn or Officer Gallico. During the time of this incident Mr. Davis did not possess or control a deadly weapon. He asserts that he made no verbal threats and his body language did not suggest a threat to the lives of Officers Gallico and Renn. Mr. Davis sustained critical injuries and was not given medical treatment for approximately 45 minutes.

Mr. Davis brings his claims pursuant to 42 U.S.C. § 1983. He seeks monetary damages.

[1] The Amended Complaint makes no claims against former Chief of Police Richard Hite, Mayor Joseph Hogestt, previous Mayor Greg Ballard, Terry Curry Marion County Prosecutor or Bruce Lemmon. **The Clerk of Court is instructed to show these defendants terminated as of the date of the Amended Complaint.**

The Court takes judicial notice of the fact that Mr. Davis is currently awaiting criminal trial in the Marion Superior Court in which he is accused of killing defendant Officer Renn[2].

A cause of action is provided by Section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)); *see also West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

## II. DISCUSSION OF CLAIMS

Mr. Davis' first claim for relief is that Officers Renn and Gallico violated the Fourth Amendment by using excessive force against him. This claim is based on the alleged actions of Officer Renn or Officer Gallico in shooting Mr. Davis. Accordingly, this claim against Officer Gallico is dismissed. **The Fourth Amendment excessive force claim against the Estate of Perry Renn and Officer Gallico shall be permitted to proceed**.

[2] *State of Indiana v. Major Davis*, 49G02-1407-MR-034656, status: pending, 07/09/2014 (active). Mycase.IN.gov, visited July 20, 2016.

Relatedly, Mr. Davis' second claim for relief is that Officer Gallico failed to intervene and as a result Mr. Davis was shot in the back. Mr. Davis states that Officer Gallico should have used his radio to contact Officer Renn to tell Officer Renn that Mr. Davis was not a suspect. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285(7th Cir. 1994).

The failure to intervene claim is dismissed because "officers may be liable for failing to take reasonable steps to stop the use of excessive force by a fellow officer only if the officers 'had a realistic opportunity to intervene to prevent the harm from occurring.'" *Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (*quoting Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). It takes more than proximity to wrongdoing to support liability. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). Assuming that Mr. Davis' allegations are true, Mr. Davis was unarmed and non-threatening. In these circumstances, Officer Gallico could not be liable for failing to notify Officer Renn that Mr. Davis was not a suspect. There is no plausible basis to conclude that Officer Gallico had a realistic opportunity to prevent the shooting based on the facts alleged. **This claim against Officer Gallico must be dismissed.**

The third claim for relief is that the Defendants are liable to Mr. Davis because he was falsely arrested in violation of his Fourth Amendment rights. This **false arrest claim must be**

**dismissed because it fails to state a claim** against any of the individual Defendants. There is no allegation that Officer Renn, Officer Gallico, or Chief Riggs were the arresting officers.

The fourth claim for relief is intentional infliction of emotional distress under Indiana law against the City of Indianapolis (through the actions of the Indianapolis Metropolitan Police Department). This claim is purportedly brought by Mr. Davis and Mr. Davis' children. Any claim thought to be brought by the children must be dismissed. An individual generally may appear in federal court only *pro se* or through counsel. 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). "One consequence of the normal rule is that a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (finding no exception to this general rule recognized for a lawsuit based on 42 U.S.C. § 1983 or general state tort law) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.")); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("Under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Mr. Davis is not an attorney and does not have authority to appear as his children's legal representative in this action. Accordingly, Mr. Davis' children are dismissed from this action and no relief may be sought on their behalf. **The intentional infliction of emotional distress claim brought by Mr. Davis may proceed against the City of Indianapolis**.

The fifth claim for relief is against the City of Indianapolis for employing Officers Renn and Gallico when it knew, or should have known, that the officers had a propensity toward violence and overreaction. **This negligent hiring claim may proceed against the City of Indianapolis**.

## III. DISMISSAL OF CERTAIN DEFENDANTS

In addition, all the **official capacity claims are dismissed** as duplicative. An official capacity claim against the individual defendants and the Estate of Perry Renn is essentially a claim against the City of Indianapolis.

The claims against **Chief of Police Troy Riggs are dismissed.** Other than his supervisory position, there is no connection between the events which occurred on July 5, 2014 and Chief Riggs. The allegations in the Amended Complaint do not suggest a plausible basis for concluding that this supervisory defendant caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Vance v. Rumsfeld*, 701 F.3d 193, 204, (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability).

## IV. POTENTIAL *HECK* BAR

The Court notes that Mr. Davis' allegations are in direct contradiction to his pending criminal charges for the alleged murder of Officer Renn. Thus, after the Defendants have been served, the Defendants may request that this action be stayed until the conclusion of the criminal trial consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). In this case, if Mr. Davis is convicted of killing Officer Renn, then the allegation that Mr. Davis was unarmed must be rejected.

## V. FURTHER PROCEEDINGS

The **Clerk is directed** to issue process on the City of Indianapolis, Officer Gallico, and the Estate of Perry Renn. The Clerk is directed, pursuant to Federal Rule of Civil Procedure 4(c)(3), to issue and serve process on the Defendants in the manner specified by Federal Rule of Civil Procedure 4(d)(1). Process shall consist of the Amended Complaint (Filing No. 25), applicable forms and this Entry.

The waiver forms for the Estate of Perry Renn shall be sent to the counsel for the City of Indianapolis. Given the obvious sensitive nature of this proceeding, Corporation Counsel is requested to assist the Court in serving the Estate. In addition, given the fact that Mr. Davis is proceeding *in forma pauperis,* it is the Court's responsibility to serve the Defendants consistent with Federal Rule of Civil Procedure 4(c)(3). Corporation Counsel's assistance in this regard is appreciated.

## VI. CONCLUSION

The following claims shall proceed:

1. The Fourth Amendment excessive force claim against the Estate of Perry Renn and Officer Nicholas Gallico.

2. The state law claim of intentional infliction of emotional distress shall proceed against the City of Indianapolis (through the actions of the Indianapolis Metropolitan Police Department).

3. The negligent hiring claim may proceed against the City of Indianapolis.

The **Clerk is directed** to update the docket to reflect that Chief of Police Troy Riggs is dismissed as a defendant on the docket. In addition, the docket should reflect that Mayor Joseph Hogsett, Chief of Police Richard Hite, Previous Mayor Greg Ballard, Marion County Prosecutor

Terry Curry, and Bruce Lemon are **terminated as of June 10, 2016**, the date the Amended Complaint was filed. Finally, the **Clerk is directed** to add the City of Indianapolis as a defendant in this action.

**SO ORDERED.**

Date: 07/22/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Major P. Davis, II, #249215
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, Indiana 46360

CITY OF INDIANAPOLIS
CORPORATION COUNSEL
200 E. Washington Street
1601 City-County Building
Indianapolis, Indiana 46204