UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAJOR P. DAVIS, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00090-TWP-MPB |
| ) | |
| CITY OF INDIANAPOLIS, OFFICER ) | |
| NICHOLAS GALLICO, ESTATE OF ) | |
| OFFICER PERRY RENN, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Stay
and Directing Service of Process on the Estate of Officer Perry Renn**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The motion to stay filed by defendants City of Indianapolis and Officer Nicholas Gallico [dkt. 31] is **granted** to the extent that the merits of the underlying action will not be developed until the murder charges now pending against plaintiff Major P. Davis, II, in the Marion Superior Count under Case Number 49G02-1407-MR-034656 are resolved. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

2. The parties' are directed to notify this Court when final judgment has been entered in the criminal case within 14 days of the date the criminal judgment is entered.

3. The Court's efforts to serve the Estate of Perry Renn (the "Estate") shall continue. It is in no one's interest to delay service. Counsel for the City of Indianapolis states that the plaintiff has failed to properly sue the Estate. This suggestion is not persuasive because the Seventh Circuit has directed this Court to affirmatively assist the pro se prisoner plaintiff with identifying the

proper party. *See e.g., Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014) (stating that plaintiff "as a prisoner proceeding pro se, should have been given more latitude and assistance in seeking to identify the officers' names" in order to effect service.); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 2007) (stating that the court should take steps to permit the adjudication of pro se claims on the merits "rather than to order their dismissal on technical grounds"); *Billman v. Indiana Dep't of Corr.,* 56 F.3d 785, 790 (7th Cir.1995) (when a pro se plaintiff is attempting to identify defendants, the district court should assist him in investigating). In addition to assisting the plaintiff with identifying the proper party, this court is also required to assist with service. *See Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 547–48 (7th Cir. 2014) ("The amended complaint had to pass screening before any defendant could be served with process"); *Graham v. Satkoski*, 51 F.3d 710, 712–13 (7th Cir. 1995) (concluding that delay attributable to Marshals Service constituted good cause); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (concluding that failure of Marshals Service to identify and serve defendant after receiving sufficient information from prisoner is "automatically good cause"); *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (concluding that delay attributable to screening doesn't count against Rule 4(m)'s 120 days). It is for these reasons that this action shall proceed against the Estate and shall not be dismissed *sua sponte*. If the Estate files a motion to dismiss or motion for judgment on the pleadings, that motion will be considered.

4. The Entry of July 22, 2016, directed the clerk to send the waiver forms for the Estate to counsel for the City of Indianapolis with the hope that Corporation Counsel would assist the Court in serving the Estate given the obvious sensitive nature of this proceeding. The City of Indianapolis's recent filing suggests that its assistance with not be forthcoming. This is fine,

counsel for the City of Indianapolis is under no obligation to assist in this regard. Accordingly, the court will continue the effort to serve the Estate.

  5. The **clerk is again designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendant Estate of Perry Renn in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry. If service cannot be achieved through waiver, the Marshal shall be ordered to effect service. Process shall be sent to the personal representative of the Estate and the attorney for the Estate. Given the on-going criminal proceeding this contact information shall remain under seal.

  **IT IS SO ORDERED.**

Date: 9/27/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAJOR P. DAVIS, II
249215
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
Email: pamela.schneeman@indy.gov

Personal Representative, Estate of Perry Renn
[mailing address under seal]

Attorney for Estate of Perry Renn
[mailing address under seal]