UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAJOR P. DAVIS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-00090-TWP-MPB |
| | ) |
| CITY OF INDIANAPOLIS, OFFICER NICHOLAS GALLICO, ESTATE OF OFFICER PERRY RENN, | ) |
| | ) |
| Defendants. | ) |

**ENTRY STAYING ACTION PENDING RESOLUTION OF THE CRIMINAL ACTION**

Counsel has now appeared for all parties in this action.[1] Having achieved service to the extent possible, and consistent with the Entry of September 27, 2016, which granted the defendants' motion to stay, this action is now **STAYED** on the docket. This action will not be developed until the murder charges now pending against plaintiff Major P. Davis, II, in the Marion Superior Count titled *State of Indiana v. Major Davis*, Cause Number 49G02-1407-MR-034656, are resolved. The plaintiff's objections to this ruling [dkt. 43] are **overruled**.

This Court's prior order suggested that such a stay is warranted under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a plaintiff may not recover damages under 42 U.S.C. § 1983 when a judgment in his favor would necessarily imply the invalidity of a criminal conviction or sentence that has not been reversed, expunged, invalidated, or otherwise called into question. See *id.* at 486–87; *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

---

[1] The court notes that the entity "Estate of Officer Perry Renn" may not exist for the reasons explained by counsel in the Notice of Appearance filed October 6, 2016. The Court appreciates counsel's efforts in this regard.

*Heck* "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). However, "*Heck* does not apply absent a conviction." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (*citing Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); and *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010)).

In this case there has been no conviction and the criminal case is ongoing. Instead, the doctrine at issue is *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *Gakuba,* 711 F.3d at 753. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court explained, that if a plaintiff files a civil claim "before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id. at* 393–94 (citing *Heck,* 512 U.S. at 487–488, n. 8, (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).

This action is stayed until the criminal case has ended. This is appropriate because Mr. Davis' claims for damages involve constitutional issues that may be litigated during the course of his criminal case and deciding those issues in federal court could undermine the state court proceeding. In addition, Mr. Davis' allegations are in direct contradiction to his pending criminal charges for the murder of Officer Renn. For example, if Mr. Davis is convicted of shooting and killing Officer Renn, then the allegation that Mr. Davis was unarmed must be rejected.

Mr. Davis states that even if he is found guilty of murdering Officer Renn his claims are not barred because everything happened after any committed crime. Dkt. 43 at p. 3. But if this is true, then his claim of excessive force by Indianapolis Metropolitan Police Officers (shooting at the plaintiff) cannot succeed because if the plaintiff shot at the officers, then it was reasonable for the officers to shoot back. Similarly, a claim against the City of Indianapolis for hiring the officers or failing to train the officers requires the plaintiff to prove that the City's failure caused the plaintiff's injuries and if the plaintiff shot at the officers, he (not the City) is necessarily responsible for his injuries. Finally, in Indiana the tort of intentional infliction of emotional distress is defined as occurring when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Williams v. Tharp*, 914 N.E.2d 756, 769 (Ind. 2009) (quoting *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)). Again, there is no plausible theory of liability if Mr. Davis shot at Officer Renn and the officers shot back. Under this scenario the harm was caused by the plaintiff and not by the officers' outrageous conduct. If the plaintiff can articulate a theory of his claims based on factual propositions which would not contradict a murder conviction then the court will reconsider this ruling.

If "the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace,* 594 U.S. at 394 (*citing Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S., at 487). In addition, staying rather than dismissing this action is to the benefit of the plaintiff because monetary relief is not available to him in his defense of criminal charges and because his claims may become time-barred by the time the state prosecution has concluded. *Gakuba*, 711 F.3d at 753. In addition, the circumstances at issue occurred on July 5, 2014, at 9:23 p.m. Thus, given Indiana's 2-year statute of limitation period for actions brought pursuant to 42

U.S.C. § 1983 it is too late for the plaintiff to name a new party to this action and a stay will not prejudice Mr. Davis in this regard. Finally, if Mr. Davis is acquitted of the murder charge, the stay will be lifted and he may proceed with this claims in this action.

The parties' are directed to notify this Court when final judgment has been entered in the criminal case within **14 days** of the date the criminal judgment is entered. The court will then reopen this action on the docket and direct further proceedings.

**IT IS SO ORDERED.**

Date:  10/13/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAJOR P. DAVIS, II
249215
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

All Electronically Registered Counsel