UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAJOR P. DAVIS, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00090-TWP-MPB |
| ) | |
| CITY OF INDIANAPOLIS, OFFICER ) | |
| NICHOLAS GALLICO, ESTATE OF ) | |
| OFFICER PERRY RENN, ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters and Directing Clerk to Administratively Close Case**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.   Plaintiff Major Davis, for the second time, seeks reconsideration of the Court's order dismissing his false arrest claim pursuant to 28 U.S.C. § 1915A. Mr. Davis is facing criminal murder charges based on the same circumstances surrounding the allegations in his civil rights complaint. Mr. Davis argues that there was no probable cause to arrest him and that no probable cause determination was made by a judicial officer. He further disagrees with the court's prior assessment that the defendants were not the arresting officers. Instead Major Davis contends that he was arrested at the time the defendants held him at gun point and that defendant Gallico was in fact that officer that placed him in handcuffs. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)("It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest.")(citing *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)).

With this understanding the motion to reconsider [dkt. 52] is **granted.** The false arrest claims shall proceed against the Estate of Officer Perry Renn and Officer Nicolas Galico.

This false arrest claim is governed by *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007). *Wallace* involved a claim of unlawful arrest and detention without legal process, which, if the plaintiff prevailed, would render the criminal conviction invalid. The Supreme Court in *Wallace* stated that if a plaintiff files a false arrest claim before he has been convicted, the court should stay the civil action until the criminal case is ended.

2. The **clerk is directed** to update the plaintiff's address on the docket consistent with the distribution portion of this Entry.

3. For the reasons explained in the Entry of October 13, 2016, this civil action will not be developed until the murder charges now pending against plaintiff Major P. Davis, II, in the Marion Superior Court under Case Number 49G02-1407-MR-034656 are resolved.

4. The parties' are directed to notify this Court when final judgment has been entered in the criminal case within 14 days of the date the criminal judgment is entered. The **clerk is directed** to **administratively close** this action on the docket. The case will be reopened only after final judgment is entered in the criminal case.

**IT IS SO ORDERED.**

Date: 3/1/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Major P. Davis II, # 13045
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

All Electronically Registered Counsel