UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAJOR P. DAVIS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-00090-TWP-MPB |
| | ) |
| CITY OF INDIANAPOLIS, OFFICER | ) |
| NICHOLAS GALLICO, ESTATE OF | ) |
| OFFICER PERRY RENN, | ) |
| | ) |
| Defendants. | ) |

**Entry on Defendants' Motion for Guidance**

This matter is before the Court on the Defendants' City of Indianapolis, Officer Nicholas Gallico, and the Estate of Officer Perry Renn's (collectively the "Defendants") Notice of Final Judgment in the Underlying Criminal Case and Motion for Guidance. ([Filing No. 55](Filing No. 55).) For the reasons stated below the Court **grants** the motion for guidance and finds that Plaintiff Major P. Davis, III ("Davis") shall be granted an opportunity to file a Second Amended Complaint and Davis is directed to **show cause** why this action should not be dismissed.

**DISCUSSION**

In this action, Davis filed a Complaint which alleges a violation of his Fourth Amendment rights and several state law claims. Specifically, Davis alleges the following:

July 5, 2014, at 9:23 p.m., Officers Renn and Gallico were dispatched to investigate shots fired near 34th Street and Forest Manor Avenue in Indianapolis, Indiana. When the officers arrived, Davis was with two women who were his acquaintances. The women told Officer Gallico that everything was okay and they could leave. Officer Gallico allowed Davis and the two females to proceed in walking to his vehicle. While walking, the sounds of popping fireworks were present at a nearby party. As Davis proceeded to his vehicle he was shot in the back, torso, and head by Officer Renn or Officer Gallico. During the time of this incident Davis did not possess or control

a deadly weapon. He asserts that he made no verbal threats and his body language did not suggest a threat to the lives of Officers Gallico and Renn. Davis sustained critical injuries and was not given medical treatment for approximately 45 minutes. Davis alleges that the defendants Officer Gallico and Officer Renn are liable to him for violating his Fourth Amendment rights and that the City is liable to him for intentional infliction of emotional distress and negligent hiring.

*See* Filing No. 29 (screening Amended Complaint).

The action was stayed and administratively closed pending the resolution of the criminal proceedings against Davis, which were based on the same facts alleged in the Complaints. Those proceedings concluded after Davis plead guilty to the murder of Officer Renn on April 21, 2017. (Filing No. 55-1.) Davis was sentenced to a term of life imprisonment and final judgment was entered on April 27, 2017. (Filing No. 55-2.) This Court now takes judicial notice of Davis' underlying criminal proceedings filed in dockets 55-1 through 55-4 (state court records); *see Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011), *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983). ("federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue").

The criminal record reflects that Davis specifically admitted to the intentional killing of Officer Renn, while Officer Renn was acting in the course of his official duty and that the killing was motivated by the fact that Officer Renn was responding to a report of shots fired. Davis agreed with the following statement:

> M.O. a. That the aggravating circumstances alleged in the Request for Death Sentence exist beyond a reasonable doubt as follows: (1) on or about July 5, 2014, Major Davis II did intentionally kill Perry Wayne Renn, a law enforcement officer with the Indianapolis Metropolitan Police Department, while Perry Wayne Renn was acting in course of duty; and (2) on or about July 5, 2014, Major Davis II did intentionally kill Perry Wayne Renn, a law enforcement officer with the Indianapolis Metropolitan Police Department, and further the murder was motivated by an act Officer Perry Wayne Renn performed while acting in the course of duty, to-wit; the murder was motivated by the fact that Officer Perry Wayne Renn was responding to a report of shots fired and at that location encountered Major Davis II;

[Filing No. 55-1 at p. 3](#).

Because the criminal trial is now over, the **clerk is directed** to reopen this action on the docket.

## II. Opportunity to File a Second Amended Complaint

Because Davis has been convicted of Officer Renn's murder his claims in this case appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). That case "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). A plaintiff's § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487; *see McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir.2006).

In the abstract, some constitutional violations can coexist with a valid conviction. *Hoeft v. Anderson*, 409 F. App'x 15, 18 (7th Cir. 2011). But in this case, no such claims could be identified by this Court. To the contrary, the violations alleged by Davis appear both frivolous and malicious given the facts surrounding Davis' guilty plea. *Heck* "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in

that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). For example, Davis can no longer claim that he was unarmed or that he was not responsible for Officer Renn's death. Not only would such statements be barred by *Heck,* they are directly contracted by Davis' admissions in his criminal proceedings. Further having shot and killed an officer because that officer was responding to a report of shots fired necessarily negates a claim of excessive force during his arrest or that the City of Indianapolis is liable for subjecting Davis to intentional infliction of emotional distress or for its alleged negligent hiring.

Davis shall have **through June 20, 2017,** in which to file a Second Amended Complaint which relies on factual allegations that are not inconsistent with his guilty plea. *See Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010).

### III. Order to Show Cause

Given the fact that Davis has plead guilty to intentionally killing defendant Officer Renn because the officer (along with Defendant Officer Gallico) responded to a report of shots fired, Davis shall also have **through June 20, 2017,** in which to explain how the filing of this action could be interpreted as anything other than frivolous or malicious. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). A claim is malicious if it was filed with the purpose of harming the defendants.

Davis' failure to comply with this Order will result in the dismissal of this action pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

The Defendants' motion for guidance, (Filing No. 55), is **granted** to the extent that no further action is required by them at this time and further proceedings will be directed as necessary.

The **Clerk is directed** to reopen this action on the docket. Davis shall have **through June 20, 2017,** in which to file a Second Amended Complaint which relies on factual allegations that are not inconsistent with his guilty plea, if such a filing is appropriate. Davis shall also have **through June 20, 2017,** in which to explain (**show cause**) how the filing of this action could be interpreted as anything other than frivolous or malicious. If no such filings are made or if Davis concedes that this action should not continue, the action will be dismissed.

**IT IS SO ORDERED.**

Date: 5/26/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAJOR P. DAVIS, II
249215
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel